UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARK GATES,** § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL ACTION NO. H-06-1835 |
| **HARTFORD LIFE GROUP INSURANCE** § | |
| **COMPANY, f/k/a CNA GROUP LIFE** § | |
| **ASSURANCE COMPANY,** § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 7, should be and hereby is **GRANTED**.

**I.   BACKGROUND**

This case arises from Defendant's termination of Plaintiff's long-term disability benefits. Taking the allegations in the Complaint as true, Plaintiff Mark Gates began to receive disability benefits from Defendant in June 2003, after he was severely injured in a vehicular collision the year before. In December 2003, Defendant terminated the benefits, having determined that Gates was no longer disabled. Gates maintains, in sum, that he is still disabled and unable to work, that the competent medical evidence supports his claims, and that the termination of benefits was therefore wrongful. Gates further contests Defendant's manner of reviewing his appeal of the termination, in particular its creation and use of a "Labor Market Survey."

The Complaint asserts causes of action under state law and under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. First, Gates claims

1

that Defendant has breached their mutual contract to provide benefits. The Complaint also mentions, under the "Damages" heading and without any further elaboration, Plaintiff's "claim under the Texas Civil Practices and Remedies Code, Article 21.21 and Article 21.55 of the Texas Insurance Code." Gates also seeks recovery of his past due disability benefits and reinstatement of those benefits under ERISA. Finally, Gates alleges that Defendant has breached its fiduciary duty under ERISA, and that he should therefore recover not only his past and future benefits, but also money damages to compensate him for mental anguish and economic losses "such as the value of lost health insurance, lost and/or reduced pension benefits, and the depletion of savings and other assets."

Defendant Hartford Life Group Insurance Company ("Hartford Life") moves to dismiss certain of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Hartford Life argues that Plaintiff's state law causes of action are preempted by ERISA, and that Plaintiff's straightforward claim for benefits under ERISA precludes a claim for breach of fiduciary duty.

## II.    MOTION TO DISMISS

### A. Failure to state a claim

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2006). A district court will dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts

2

as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

### B. State law claims

The Court agrees with Defendant that ERISA preempts Plaintiff's state law claims, both common law and statutory.[1] ERISA contains an explicit preemption clause. *See* 29 U.S.C. § 1144(a) (2006) ("Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."). A state law will be "saved" from preemption only if it specifically "regulates insurance, banking, or securities," 29 U.S.C. § 1144(b)(2)(A), as analyzed under the two-prong test set forth in *Kentucky Ass'n of Health Plans v. Miller*, 538 U.S. 329, 341-42 (2003) (the state law must be "specifically directed toward entities engaged in insurance" and must substantially affect the risk pooling arrangement between the insurer and the insured).

Further, it is well-settled that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that ERISA completely preempted state claims under the Texas Health Care Liability Act); *see also Metropolitan*

---

[1] Neither party disputes that the disability benefits plan at issue qualifies as an ERISA plan. *See* 29 U.S.C. § 1002(1) (2006) (defining an "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.").

*Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987) (finding that Taylor's common law contract and tort claims were preempted by ERISA, since his lawsuit "relate[s] to [an] employee benefit plan . . . is based upon common law of general application that is not a law regulating insurance . . . Moreover, as a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes."); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (finding that ERISA preempted Dedeaux's common law claims, including tortious breach of contract, because those claims "relate to an employee benefit plan and therefore fall under ERISA's express pre-emption clause") (internal quotation marks omitted); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (noting that "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief.").

In the instant case, Plaintiff's common law claim is similar to those in *Aetna Health*, *Metropolitan Life*, *Pilot Life*, and *Giles*, and is therefore preempted. The breach of contract claim clearly relates to a covered employee benefit plan, and is based on common law of general application, rather than a law regulating insurance. The claim arises from and relates to the same denial of disability benefits that forms the gravamen of Plaintiff's ERISA claims. Further, the breach of contract cause of action would duplicate the civil enforcement remedy available to Plaintiff under ERISA.[2] Even to the extent that Texas common law would provide damages beyond those available under ERISA, Plaintiff's breach of contract claim is still preempted. *Aetna*, 542 U.S. at 215. As in *Aetna*, "[Plaintiff] bring[s] suit only to rectify a wrongful denial of benefits

---

[2] Section 502(a)(1)(B) of ERISA allows a plan participant or beneficiary to bring a civil action "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (2006).

4

promised under ERISA-regulated plans, and do[es] not attempt to remedy any violation of a legal duty independent of ERISA. We hold that [Plaintiff's] state causes of action fall 'within the scope of' ERISA 502(a)(1)(B) . . . and are therefore completely pre-empted by ERISA § 502." *Id.* at 214.

Plaintiff's statutory claims, if any, must also be dismissed. As an initial matter, the Court notes that the sections of the Texas Insurance Code cited by Plaintiff appear to have been repealed.[3] Additionally, the Fifth Circuit has specifically held that ERISA preempts Articles 21.21 and 21.55, as those Articles do not survive the two-prong *Miller* test. *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 277-78 (5th Cir. 2004). For these reasons, Plaintiff's state statutory claims are hereby dismissed.

## C. Breach of fiduciary duty claim

The Court further finds that Plaintiff's claim for breach of fiduciary duty under ERISA must also be dismissed. A breach of fiduciary duty claim is governed by Section 502(a)(3) of ERISA, which provides for an action brought "by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (2006). A plaintiff may not seek a remedy under 502(a)(3) that is available under Section 502(a)(1)(B), which specifies that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits

---

[3] The Court is unable to determine which subpart of Article 21.21, which prohibits various forms of misrepresentation and discrimination by insurance providers, Plaintiff intended to invoke in his Complaint (Pl.'s Compl. 7). However, it seems that only two subparts of the Article, relating to fibrocystic breast conditions and certain church property, are currently in effect. *See* TEX. INS. CODE ANN. §§ 21.21-6, 21.21-9 (Vernon 2006). With regard to Article 21.55, the entire provision appears to have been repealed effective April 1, 2005. *See* TEX. INS. CODE ANN. § 21.55 (Vernon 2006).

under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (2006). *See, e.g.*, *Musmeci v. Schwegmann Giant Super Mkts.*, 332 F.3d 339, 349 n.5 (5th Cir. 2003) ("Because we have found a remedy is available at law under Section 502(a)(1)(B), the Plaintiffs are foreclosed from equitable relief under Section 502(a)(3).") (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002)); *Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1335 (5th Cir. 1992) ("When a beneficiary simply wants what was supposed to have been distributed under the plan, the appropriate remedy is 502(a)(1)(B)."); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("Because Tolson has adequate redress for disavowed claims through his right to bring suit pursuant to Section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3).").

Plaintiff's claim for past and future benefits clearly falls under Section 502(a)(1)(B), as an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Therefore, he may not seek identical relief via an allegation of breach of fiduciary duty under Section 502(a)(3).

Plaintiff also seeks, however, to recover "all the additional damages he has suffered," including damages for "mental anguish, anxiety and distress" and "the damages attributable to his lost status as an employee with his employer such as the value of lost health insurance, lost and/or reduced pension benefits, and the depletion of savings and other assets" (Pl.'s Compl. 7). The dispute between the parties centers on the ever-troubling question of whether the remedy sought by Plaintiff constitutes "other appropriate equitable relief" available under Section 502(a)(3). Plaintiff argues in his

Response to the Motion to Dismiss that, in *Sereboff v. Mid Atl. Med. Servs., Inc.*, 126 S.Ct. 1869 (2006), the Supreme Court signaled an expansion of the equitable relief that an ERISA plaintiff may recover, and that he should therefore be entitled to the "make-whole" remedy that he seeks (Pl.'s Resp. 3). Defendant counters that *Sereboff* is inapposite and that the monetary damages sought by Plaintiff constitute legal, not equitable relief (D.'s Reply 7).

Although the authorities to which Plaintiff cites justifiably bemoan the tangled state of ERISA jurisprudence, it is clear in this Circuit that compensatory damages such as those sought by Plaintiff may not be recovered under ERISA. The key source of authority for this proposition is *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993), in which the Supreme Court narrowed the array of equitable remedies available under ERISA to the types of relief that were *typically* available in equity, such as injunction, mandamus, and restitution. *Id.* at 257. According to the Court, the money damages sought by the *Mertens* petitioners constituted "nothing other than compensatory *damages* – monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties. Money damages are, of course, the classic form of *legal* relief." *Id.* at 255.

The Fifth Circuit has expressed the unequivocal view that *Mertens* forecloses an ERISA plaintiff's recovery of any compensatory damages. In *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999), the court denied the appellee's claim for extracontractual "make whole" medical expenses, writing that "[w]e have held consistently that, despite [Section 502(a)(3)], ERISA does not permit generally the recovery of extra-contractual damages. . . . the Supreme Court firmly closed this door in *Mertens* . . . Thus, compensatory damages, whether extra-contractual or not, are not

7

recoverable under ERISA." *Id.* at 944. *See also Nero v. Indus. Molding Corp.*, 167 F.3d 921, 932 (5th Cir. 1999) (holding that mental anguish damages are extracontractual and therefore not recoverable under 502(a)(3)); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 30 (5th Cir. 1993) ("Without explicit instructions from Congress, we are bound to the plain language of the statute that limits suits to the terms of the plan at issue, rather than arbitrarily extending its scope to include suits for extracontractual and punitive damages."); *Weir v. Fed. Asset Disposition Ass'n*, 123 F.3d 281, 290 (5th Cir. 1997) (affirming district court's denial of claims for punitive and compensatory damages based on the *Mertens* holding).

The monetary remedy that Plaintiff seeks for the mental and economic side effects of the benefits termination amounts to a claim for extracontractual compensatory damages. Therefore, he cannot recover those damages under ERISA. The Court further agrees with Defendant that *Sereboff* is limited to its facts and does not apply to the present case. Because Plaintiff's breach of fiduciary duty claim is precluded to the extent that it seeks past and future benefits, and is disallowed to the extent that it seeks extracontractual compensatory damages, the Court finds that the claim must be dismissed.

### III. CONCLUSION

Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's claims arising under state law and under 29 U.S.C. § 1132(a)(3) are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the ____ day of October, 2006.

                                        KEITH P. ELLISON
                                        UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**